■ PEBBLE COVE HOMEOWNERS' ASSOCIATION, INC., et al., Appellants, v SHORATLANTIC DEVELOPMENT CO., INC., et al., Defendants, and LOUIS ORGERA et al., Respondents. [595 NYS2d 92] —In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated January 22, 1991, which granted the motion of the defendants Louis Orgera and Robert Hinck for summary judgment dismissing the amended complaint and all third-party claims insofar as asserted against them.

Ordered that the judgment is reversed, on the law, with costs payable by the respondents, the motion is denied, and the amended complaint and third-party claims insofar as

asserted against the defendants Louis Orgera and Robert Hinck are reinstated.

In their amended complaint, the plaintiffs, the incorporated homeowners' association of a townhouse development and an individual homeowner in that development, have alleged that various defendants, including Shoratlantic Development Co., Inc. (hereinafter Shoratlantic) breached numerous specific contractual promises and warranties regarding the quality of both workmanship and materials used in the construction of the development. The individual defendants Louis Orgera and Robert Hinck subsequently moved for summary judgment dismissing the amended complaint and all other claims insofar as asserted against them on the ground that the plaintiffs had not established any basis upon which they could be held liable. The Supreme Court granted the motion. We reverse.

The plaintiffs have demonstrated that Orgera and Hinck were officers of Shoratlantic. This fact gives rise to the logical inference that they knew or should reasonably have known of Shoratlantic's alleged improper actions. The plaintiffs have further established that, at the same time, Orgera and Hinck also served as directors of the plaintiff homeowners' association, yet failed to disclose to the homeowners' association, or take steps to correct the purported misconduct being committed by Shoratlantic and other defendants. It is firmly established that the directors of a corporation have the fiduciary obligation to act on behalf of the corporation in good faith and with reasonable care so as to protect and advance its interests (see, Not-For-Profit Corporation Law § 717 [a]; *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530; *Alpert v 28 Williams St. Corp.*, 63 NY2d 557; *Strauss v 345 E. 73 Owners Corp.*, 181 AD2d 483; *Bernheim v 136 E. 64th St. Corp.*, 128 AD2d 434). This fiduciary obligation includes the duty to disclose facts which could damage the corporation (see generally, *Scheuer Family Found. v 61 Assocs.*, 179 AD2d 65). Inasmuch as Orgera and Hinck have failed to establish that the plaintiffs' claim that they breached their fiduciary duty is without merit as a matter of law, summary judgment is inappropriate at this juncture. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.