■ DOMENIC GATTO et al., Appellants, v JIM CALLAGHAN et al., Respondents. [647 NYS2d 290] —In an action to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated April 24, 1995, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In distinguishing between assertions of fact and nonactionable expressions of opinion, the factors to be considered are " '(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to " ' "signal * * * readers or listeners that what is being read or heard is likely to be opinion, not fact" ' " ' " *(Brian v Richardson,* 87 NY2d 46, 51, quoting *Steinhilber v Alphonse,* 68 NY2d 283, 292). Further, courts must consider the content of the communication as a whole, its tone and apparent purposes, as well as the over-all context in which the statements were made, and determine " 'whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff' " *(Brian v Richardson, supra,* at 51, quoting *Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 254, *cert denied* 500 US 954).

Here, the defendants' statements, which appeared in a bus drivers' union newspaper distributed to the union's members and also in a newsletter distributed to bus riders, were "rhetorical hyperbole" that is not actionable when evaluated in the context in which the statements were made *(see, Brian v Richardson, supra,* at 52; *see also, Milkovich v Lorain Journal Co.,* 497 US 1, 16; *Letter Carriers v Austin,* 418 US 264, 284-286). Indeed, in light of the nature of the fora in which these allegedly defamatory statements were published, it should have immediately been plain to the readership that the articles contained in these publications, which reflected union opposition to the growth of private bus lines employing nonunion drivers, were expressions of individual opinion rather than serious objective reportage *(see, Brian v Richardson, supra,* at 53; *Immuno AG. v Moor-Jankowski, supra,* at 253). Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.