■ ANTHONY P. LATORRE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, and CITY OF NEW YORK et al., Respondents. [823 NYS2d 509]—

In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated January 18, 2005, which denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Anthony P. LaTorre allegedly was injured when

he tripped and fell on a portion of public sidewalk that was broken and uneven and that had a subway grate that was raised two to three inches. The defendant-appellant, New York City Transit Authority (hereinafter the NYCTA), installed the subway grate, inspected it, and was responsible for its maintenance and repair. The NYCTA cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it arguing, inter alia, that the plaintiffs did not demonstrate that it either created or had actual or constructive notice of the alleged dangerous and defective condition. The plaintiffs-respondents and the defendants-respondents argued, inter alia, that the NYCTA could be held liable because it made "special use" of the sidewalk. The Supreme Court denied the NYCTA's cross motion. We affirm.

As the movant, the burden was on the NYCTA to demonstrate its prima facie entitlement to judgment as a matter of law (see *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]). Here, the NYCTA demonstrated, prima facie, that it lacked actual or constructive notice of the alleged dangerous and defective condition. However, it failed to demonstrate, prima facie, that it did not create the alleged condition (see *Joachim v 1824 Church Ave., Inc., supra*). Contrary to the NYCTA's contention, the plaintiffs did not concede that the NYCTA did not create the alleged condition. Further, the NYCTA failed to demonstrate, prima facie, that it did not make "special use" of the sidewalk (see *Posner v New York City Tr. Auth.*, 27 AD3d 542 [2006]). Thus, the NYCTA's motion was properly denied regardless of the sufficiency of the opposing papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Joachim v 1824 Church Ave., Inc., supra*). Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.