■ SADAU BAH et al., Respondents, v CITY OF NEW YORK et al., Defendants, CONSOLIDATED EDISON, Respondent, and THE WIZ et al., Appellants. [831 NYS2d 263]—

In a consolidated action to recover damages for personal injuries, etc., the defendant The Wiz appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered August 24, 2005, as denied that branch of its motion made jointly with the defendants Jamaica-York Realty Assoc. (A New York Partnership), Lawrence Jemal, Marvin Jemal, Stephen Jemal, and Douglas Jemal, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Lawrence Jemal appeals from so much of the same order as failed to determine that branch of the motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the appeal of Lawrence Jemal is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant The Wiz; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant The Wiz.

The plaintiff Sadau Bah allegedly tripped and fell on a public sidewalk outside of a store leased by the defendant The Wiz. The premises were owned by the defendant Jamaica-York Realty Assoc. (A New York Partnership) (hereinafter Jamaica-York), a partnership whose principals were the defendants Lawrence Jemal (hereinafter Lawrence), Marvin Jemal, Stephen Jemal, and Douglas Jermal (hereinafter the other Jemal defendants).

As is relevant to this appeal, The Wiz and Lawrence joined in a motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied that branch of the motion concerning The Wiz, but failed to determine that branch of the motion concerning Lawrence.

As the lessee of the property, The Wiz would be liable to a pedestrian injured by a defect in a public sidewalk abutting its property if it created the defect, caused it to occur through some special use, or breached a specific ordinance or statute obligating it to maintain the sidewalk (*see Cannizzaro v Simco Mgt. Co.*, 26 AD3d 401, 401-402 [2006]; *Jeanty v Benin*, 1 AD3d 566, 567 [2003]). Here, The Wiz failed to make a prima facie showing of entitlement to judgment as a matter of law (*see LaTorre v New York City Tr. Auth.*, 33 AD3d 970, 971 [2006]; *Farmer v City of New York*, 25 AD3d 649, 649-650 [2006]). Accordingly, that branch of the motion concerning The Wiz was

properly denied regardless of the sufficiency of the opposing papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *LaTorre v New York City Tr. Auth., supra*).

Lawrence and the other Jemal defendants joined in The Wiz's motion for summary judgment. The plaintiffs did not oppose the motion insofar as it concerned Lawrence and the other Jemal defendants, but the Supreme Court seems to have overlooked Lawrence when it dismissed the action against the other Jemal defendants without mentioning him. Accordingly, that branch of the motion which was to dismiss the complaint and all cross claims insofar as asserted against Lawrence remains pending and undecided, and the appeal by Lawrence must be dismissed (see *Hirsch v City of New York*, 32 AD3d 995 [2006]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.