Sara Springer et al., Appellants, v Dhabah Almontaser, Also Known as Debbie Almontaser, Respondent. [904 NYS2d 765]—

In an action to recover damages for defamation, the plaintiffs

appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated May 29, 2009, as granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

In February 2007 the New York City Department of Education announced that it would open a public school devoted to the Arabic language and culture, and that the defendant would be its principal. The plaintiffs led a public campaign against the school. Thereafter, in August 2007, the defendant resigned as the principal of the school. Following her resignation, the defendant gave a press conference on the steps of City Hall and accused the plaintiffs of conducting a ferocious smear campaign against her, stalking her, and verbally assaulting her. The plaintiffs then commenced the instant action alleging that the defendant defamed them when she stated that they had stalked and verbally assaulted her.

A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint based on documentary evidence may appropriately be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Yusin v Saddle Lakes Home Owners Assn., Inc.*, 73 AD3d 1168 [2010]). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (*Fontanetta v John Doe 1*, 73 AD3d 78, 86, citing Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 21-22). The newspaper articles, printouts of web pages, and transcripts of radio and television interviews which were submitted by the defendant in support of that branch of her motion which was pursuant to CPLR 3211 (a) (1) were not "of undisputed authenticity" and, thus, did not qualify as documentary evidence. Therefore, the Supreme Court erred in granting that branch of the defendant's motion which was to dismiss the complaint based upon documentary evidence.

Nevertheless, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The statements alleged to be defamatory must be viewed in their context to determine whether a reasonable

person would view them as conveying any facts about the plaintiff, because only statements alleging facts can properly be the subject of a defamation action (see *Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993]; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991], *cert denied* 500 US 954 [1991]). "The issue of distinguishing between actionable fact and non-actionable opinion is a question of law for the court" (*Gjonlekaj v Sot*, 308 AD2d 471, 474 [2003]; see *Silsdorf v Levine*, 59 NY2d 8 [1983], *cert denied* 464 US 831 [1983]). In making that determination, the " 'factors to be considered are: (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal . . . readers or listeners what is being read or heard is likely to be opinion, not fact' " (*Colantonio v Mercy Med. Ctr.*, 73 AD3d 966, 968 [2010], quoting *Brian v Richardson*, 87 NY2d 46, 51 [1995]).

Here, as acknowledged in the complaint, the statements alleged to be defamatory were made in the context of a public campaign opposing the opening of the school and the defendant serving as its principal. The defendant's statement that she was stalked and harassed was not an actionable statement of objective fact because it did not have a precise, readily understood meaning, and would clearly be understood by a reasonable listener to be a figurative expression of how she felt as the object of the campaign.

Accordingly, accepting the allegations in the complaint as true, as we must (see *Leon v Martinez*, 84 NY2d 83, 87 [1994]), the complaint fails to state a cause of action to recover damages for defamation. Covello, J.P., Angiolillo, Leventhal and Belen, JJ., concur.