■ GARY MELIUS, Respondent, v WILLIAM GLACKEN, Appellant. [943 NYS2d 134]—

In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated December 7, 2010, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff is the owner of a parcel of commercial property located in the Village of Freeport. In 2008 he commenced an action alleging that a number of Freeport and Nassau County officials, including the defendant, then the mayor of Freeport, and other parties had conspired to take the subject property away from him by means of an unlawful tax deed scheme. The complaint sought damages in excess of $25 million.

On February 26, 2009, the defendant participated in a public debate held at the Freeport Memorial Library among candidates running for mayor and trustee in upcoming local elections. Members of the audience were given the opportunity to write questions for the candidates, which the moderators then selected and posed to the candidates. When the defendant and his mayoral opponent were asked about the plaintiff's lawsuit against Freeport officials, what was described as a heated exchange took place. During this exchange, the defendant said that the lawsuit was an attempt by the plaintiff "to extort money from you," i.e., the residents of Freeport. He also stated that the plaintiff was seeking an amount "far in excess of the appraised value" of the property, and that the Freeport defendants "knew [they] were going to win this case. It's going to take time and money."

Thereafter, the plaintiff commenced the instant action to recover damages for defamation based on the defendant's statement that he was an "extortionist" who was seeking "to extort money." The defendant subsequently moved for summary judgment dismissing the complaint on the ground that the challenged remarks were nonactionable statements of opinion. The Supreme Court denied the defendant's motion. The defendant appeals and we reverse.

"Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the

subject of an action for defamation" (*Mann v Abel*, 10 NY3d 271, 276 [2008], *cert denied* 555 US 1170 [2009]; *see Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993]). In determining whether a statement constitutes a nonactionable opinion, a question of law for the court (*see Mann v Abel*, 10 NY3d at 276), the "factors to be considered are: (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact" (*Brian v Richardson*, 87 NY2d 46, 51 [1995] [internal quotation marks omitted]; *see Thomas H. v Paul B.*, 18 NY3d 580 [2012]). The dispositive inquiry is " 'whether the reasonable [listener] would have believed that the challenged statements were conveying facts about the . . . plaintiff' " (*Brian v Richardson*, 87 NY2d at 51, quoting *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991], *cert denied* 500 US 954 [1991]; *see 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992], *cert denied* 508 US 910 [1993]).

Here, given the context in which the challenged statements were made, a reasonable listener would have believed that they were opinion. Considering the immediate context, a reasonable listener would have believed that calling the plaintiff an "extortionist" who is seeking "to extort money" was conveying the defendant's opinion as to the merits of the plaintiff's lawsuit and was not a factual accusation of criminal conduct (*see Brian v Richardson*, 87 NY2d at 53; *Gross v New York Times Co.*, 82 NY2d at 155; *Springer v Almontaser*, 75 AD3d 539, 541 [2010]; *Trustco Bank of N.Y. v Capital Newspaper Div. of Hearst Corp.*, 213 AD2d 940, 942-943 [1995]). Looking at the broader social context, the statement was made in the midst of a heated political debate, a forum where the audience would "anticipate the use of epithets, fiery rhetoric or hyperbole" (*Steinhilber v Alphonse*, 68 NY2d 283, 294 [1986] [internal quotation marks omitted]), and would "arrive with an appropriate amount of skepticism," "with the expectation that they are, in all probability, going to hear opinion," and with a reluctance "to conclude—absent clear clues to the contrary from the words or context—that the statements made are to be heard as objective fact" (*600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d at 141-142; *see Greenbelt Cooperative Publishing Assn., Inc. v Bresler*, 398 US 6, 13-14 [1970]).

Moreover, the statement is not an actionable "mixed state-

ment" of opinion and fact, both because it "is accompanied by a recitation of the facts on which it is based," and because it "does not imply the existence of undisclosed underlying facts" (*Gross v New York Times Co.*, 82 NY2d at 153; *see Kamalian v Reader's Digest Assn., Inc.*, 29 AD3d 527, 528 [2006]; *Trustco Bank of N.Y. v Capital Newspaper Div. of Hearst Corp.*, 213 AD2d at 942-943). The defendant recited a true fact forming the basis of his belief that the plaintiff was an "extortionist" who was seeking "to extort money," i.e., the plaintiff's lawsuit was seeking an amount "far in excess of the appraised value" of the property.

Since the alleged defamatory statements are nonactionable opinion, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

The defendant's remaining contentions have been rendered academic in light of our determination. Florio, J.P., Eng, Lott and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33460(U).]**