■ James C. Russell, Appellant, v Matt Davies et al., Respondents. [948 NYS2d 394]—

This action arises out of widespread media coverage concerning an essay authored by the plaintiff, James C. Russell, that came to light during his unsuccessful 2010 Congressional campaign. At the time the controversy arose, Russell was running as the Republican nominee in the 2010 election for the New York 18th Congressional District seat in the United States House of Representatives. His campaign allegedly was derailed, however, when an essay, which he wrote in 2001, was discovered by the media in September 2010. In numerous news reports, the essay was widely interpreted as racist and anti-Semitic. Soon after the essay was discovered, the Westchester County Republican Party dropped Russell as its candidate. Following the campaign, Russell brought this action against a number of local journalists and media outlets that reported on and analyzed the essay, as well as local politicians who made public statements concerning the essay, including the chairman of the Westchester County Republican Party and incumbent Congresswoman Nita Lowey. The Supreme Court granted the defendants' respective motions pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for failure to state a cause of action, concluding that all of the various challenged statements constituted non-actionable opinion and that Russell, as a public figure, had failed to plead that the challenged statements were published with actual malice.

"Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action' " (*Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993], quoting *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992], *cert denied* 508 US 910 [1993]). In distinguishing between facts and opinion, the factors the court must consider are (1) whether the specific language has a precise meaning that is readily understood, (2) whether the statements are capable of being proven true or false, and (3) whether the context in which the statement appears signals to readers that the statement is likely to be opinion, not fact (*see Mann v Abel*, 10 NY3d 271, 276 [2008], *cert denied* 555 US 1170 [2009]; *Steinhilber v Alphonse*, 68 NY2d 283, 292 [1986]). "The dispositive inquiry . . . is whether a reasonable reader could have concluded that the [statements were] conveying facts about the plaintiff" (*Gross v New York Times Co.*, 82 NY2d at 152 [internal quotation marks and brackets omitted]; *see Millus v Newsday, Inc.*, 89 NY2d 840, 842 [1996], *cert denied* 520 US 1144 [1997]; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991], *cert denied* 500 US 954 [1991]; *Melius v Glacken*, 94 AD3d 959 [2012]).

In this case, the context of the complained-of statements was such that a reasonable reader would have concluded that he or she was reading and/or listening to opinions, and not facts, about the plaintiff. Moreover, in all instances, the defendants made the statements with express reference to the essay written by the plaintiff, including quotations from the essay. Thus, the statements of opinion are non-actionable on the additional basis that there was full disclosure of the facts supporting the opinions (*see Gross v New York Times Co.*, 82 NY2d at 153-154).

Accordingly, the Supreme Court properly granted the defendants' respective motions to dismiss the amended complaint for failure to state a cause of action. Rivera, J.P., Florio, Eng and Roman, JJ., concur.