■ BARRY GOLDBERG, Appellant, v STEVEN LEVINE, Respondent. [949 NYS2d 692]—

The plaintiff commenced this action, inter alia, to recover damages for defamation based upon certain written and oral statements allegedly made about him by the defendant at town board meetings and in a local newspaper. The Supreme Court granted the defendant's motion, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The plaintiff appeals, and we affirm.

In determining whether a complaint states a cause of action to recover damages for defamation, the dispositive inquiry is whether a reasonable listener or reader could have concluded that the statements were conveying facts about the plaintiff (*see Gross v New York Times Co.*, 82 NY2d 146, 152 [1993]; *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992], *cert denied* 508 US 910 [1993]; *Liere v Paini*, 93 AD3d 825, 826 [2012]). "Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action' " (*Gross v New York Times Co.*, 82 NY2d at 152-153, quoting *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d at 139).

Here, certain of the defendant's statements, which were alleg-

edly made at Town Board meetings and in a local newspaper, were "rhetorical hyperbole" and expressions of individual opinion (*Gatto v Callaghan*, 231 AD2d 552, 552 [1996] [internal quotation marks omitted]; *see Brian v Richardson*, 87 NY2d 46, 54 [1995]; *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d at 144). Therefore, accepting these allegations in the complaint as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), they fail to state a cause of action to recover damages for defamation (*see Springer v Almontaser*, 75 AD3d 539, 541 [2010]).

Moreover, the documentary evidence submitted by the defendant demonstrated that the defendant's statements that hazardous or toxic substances were located on the plaintiff's property were substantially true. "Truth is an absolute defense to an action based on defamation" (*Heins v Board of Trustees of Inc. Vil. of Greenport*, 237 AD2d 570, 571 [1997]; *see Kamalian v Reader's Digest Assn., Inc.*, 29 AD3d 527, 528 [2006]). Thus, the documentary evidence submitted by the defendant conclusively establishes a defense to the claim as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. Rivera, J.P., Florio, Eng and Roman, JJ., concur.