■ Kenneth P. Silverman, Appellant, v Daily News, L.P., et al., Respondents, et al., Defendants. [11 NYS3d 674]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), entered May 1, 2013, which granted the motion of the defendants Daily News, L.P., Corinne Lestch, and Larry McShane pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was a former principal at Our Lady of Mount Carmel School in the Bronx, who was fired after the defendants Daily News L.P., Corinne Lestch, and Larry McShane (hereinafter collectively the Daily News defendants) reported that certain written materials authored by him were "racist writings," and that he had ties to a "white supremacist group." The relevant Daily News articles questioned whether the plaintiff should be overseeing a school with a large minority population in light of his controversial writings. The Supreme Court granted the Daily News defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, concluding that all of the various challenged statements constituted nonactionable opinion, and that the plaintiff, as a limited-purpose public figure, had failed to plead that the challenged statements were published with actual malice.

"Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action'" (*Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993], quoting *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992]). In distinguishing between facts and opinion, the factors the court must consider are (1) whether the specific language has a precise meaning that is readily understood, (2) whether the statements are capable of being proven true or false, and (3) whether the context in which the statement appears signals to readers that the statement is likely to be opinion, not fact (*see Mann v Abel*, 10 NY3d 271, 276 [2008]; *Steinhilber v Alphonse*, 68 NY2d 283, 292 [1986]). "The dispositive inquiry . . . is whether a reasonable [reader] could have concluded that [the statements were] conveying facts about the plaintiff" (*Gross v New York Times Co.*, 82 NY2d at 152 [internal quotation marks omitted]; *see Millus v Newsday, Inc.*, 89 NY2d 840, 842 [1996]; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991]; *Melius v Glacken*, 94 AD3d 959 [2012]).

In this case, the context of the complained-of statements was such that a reasonable reader would have concluded that he or she was reading opinions, and not facts, about the plaintiff. Moreover, in all instances, the Daily News defendants made the statements with express reference to the written materials authored by the plaintiff, including quotations from the books. Thus, the statements of opinion are nonactionable on the additional basis that there was full disclosure of the facts supporting the opinions (*see Gross v New York Times Co.*, 82 NY2d at 153-154; *Russell v Davies*, 97 AD3d 649, 650-651 [2012]).

Accordingly, the Supreme Court properly granted the Daily News defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

In light of our determination, the parties' remaining contentions need not be reached. Eng, P.J., Hall, Cohen and Barros, JJ., concur.