■ STEVEN ROSNER, Appellant, v AMAZON.COM, Respondent. [18 NYS3d 155]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Battaglia, J.), dated October 24, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint, and (2) a judgment of the same court dated November 13, 2013, which, upon the order, is in favor of the defendant and against him dismissing the amended complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff is the author of a book which was available for sale on the website of the defendant, Amazon.com (hereinafter Amazon). On November 13, 2012, an anonymous review of the plaintiff's book was posted on Amazon, stating that the plaintiff sent "unsolicited email advertisements peddling his book," that "I encourage you not to support such unprofessional practices," and "Help discourage this nonsense." After Amazon refused to remove the review at the plaintiff's request, the plaintiff commenced this action, inter alia, to recover damages for defamation. Amazon moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for failure to state a cause of action. In an order dated October 24, 2013, the Supreme Court granted Amazon's motion, and in a judgment dated November 13, 2013, the court dismissed the amended complaint.

In deciding a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *El Jamal v Weil*, 116 AD3d 732, 733 [2014]). To state a cause of action alleging defamation, a plaintiff must allege that the defendant published a false state-

ment, without privilege or authorization, to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se (*see Kamchi v Weissman*, 125 AD3d 142, 156 [2014]). " 'Since falsity is a necessary element of a defamation cause of action and only "facts" are capable of being proven false, "it follows that only statements alleging facts can properly be the subject of a defamation action" ' " (*id.* at 156, quoting *Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993], quoting *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992]).

Here, the plaintiff failed to state a cause of action to recover damages for defamation, since he acknowledged that the allegedly defamatory statement that he sent "unsolicited email advertisements" was true (*see Goldberg v Levine*, 97 AD3d 725, 726 [2012]; *Salvatore v Kumar*, 45 AD3d 560, 563 [2007]), and the context of the remaining complained-of statements was such that a reasonable reader would have concluded that he or she was reading opinions, and not facts, about the plaintiff (*see Silverman v Daily News, L.P.*, 129 AD3d 1054 [2015]; *Russell v Davies*, 97 AD3d 649, 651 [2012]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint, and thereupon dismissed the amended complaint. Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.