SUSAN PALL, Appellant, v ROOSEVELT UNION FREE SCHOOL DISTRICT et al., Respondents. [42 NYS3d 215]—

In an action, inter alia, to recover damages for defamation and a hostile work environment in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered October 16, 2014, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff is a sixth grade teacher at Roosevelt Middle School within the defendant Roosevelt Union Free School District (hereinafter the District). The District allegedly contracted with a nonparty entity to conduct audits and surveys of the student population at Roosevelt Middle School. In October 2012, a document generated by that entity allegedly was distributed to teachers and principals in the District, as well as to the Superintendent of Schools, by the defendant Kevin O'Connell, the Assistant Superintendent of the District. This document allegedly contained a comment by an anonymous student referring to both the teachers in the school in general, and the plaintiff in particular, as "bitches." In 2013, the plaintiff commenced this action, inter alia, to recover damages for defamation and a hostile work environment in violation of Executive Law § 296, alleging, among other things, that the defendants failed to redact the subject comment, even though the document indicated that the District was permitted to redact "any information" that "was personally identifiable or inappropriate for public view." In an order entered October 16, 2014, the Supreme Court granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The plaintiff appeals, and we affirm.

"To state a cause of action to recover damages for defamation, a plaintiff must allege that the defendant published a

false statement, without privilege or authorization, to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (*Rodriguez v Daily News, L.P.*, 142 AD3d 1062, 1063 [2016]; *see Rosner v Amazon.com*, 132 AD3d 835, 836-837 [2015]; *Kamchi v Weissman*, 125 AD3d 142, 156 [2014]). "Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action' " (*Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993], quoting *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992]; *Silverman v Daily News, L.P.*, 129 AD3d 1054, 1055 [2015]). "The dispositive inquiry . . . is whether a reasonable [reader] could have concluded that [the statement was] conveying facts about the plaintiff" (*Gross v New York Times Co.*, 82 NY2d at 152 [internal quotation marks omitted]; *see Silverman v Daily News, L.P.*, 129 AD3d at 1055).

Here, accepting the allegations in the complaint as true, affording the plaintiff the benefit of every favorable inference, and considering the evidentiary material submitted by the parties (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Zapata v Tufenkjian*, 123 AD3d 814, 816 [2014]), the plaintiff did not have a cause of action to recover damages for defamation. The context of the alleged statement was such that a reasonable reader would have concluded that he or she was reading an opinion, and not a fact, about the plaintiff (*see Rosner v Amazon.com*, 132 AD3d at 837; *Silverman v Daily News, L.P.*, 129 AD3d at 1055; *Goldberg v Levine*, 97 AD3d 725, 725-726 [2012]).

Furthermore, the plaintiff failed to set forth a viable cause of action to recover damages for a hostile work environment in violation of Executive Law § 296. The plaintiff's allegations of a hostile work environment fell short of alleging that the workplace was " 'permeated with discriminatory intimidation, ridicule, and insult . . . that [was] sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment' " (*Torres v Louzoun Enters., Inc.*, 105 AD3d 945, 946 [2013], quoting *Kamen v Berkeley Coop. Towers Section II Corp.*, 98 AD3d 1086, 1087 [2012]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Eng, P.J., Austin, Roman and Cohen, JJ., concur.