Appeal and cross appeal from an order of the Supreme Court, Nassau County (Angela G. Iannacci, J.), entered February 9, 2015. The order, insofar as appealed from, granted those branches of the motion of the defendants Board of Trustees of the Village of East Hills, N.Y., and Michael R. Koblenz, and the separate motion of the defendants Blank Slate Media, LLC, Bill San Antonio, and Steven Blank, which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them. The order, insofar as cross-appealed from, failed to determine that branch of the motion of the defendants Board of Trustees of the Village of East Hills, N.Y., and Michael R. Koblenz which was to require the plaintiff to seek leave of court to commence any future actions against them.
 

 Ordered that the order is affirmed insofar as appealed from; and it is further,
 

 Ordered that the cross appeal is dismissed; and it is further,
 

 Ordered that one bill of costs is awarded to the respondents-appellants and the respondents appearing separately and filing separate briefs.
 

 The plaintiff commenced this action alleging that the defendant Michael R. Koblenz, the mayor of the Village of East Hills, made defamatory statements about the plaintiff to the defendant Bill San Antonio, who reported those statements in an article published in the Roslyn Times, a local newspaper. The Roslyn Times is published by the defendant Blank Slate Media, LLC (hereinafter Blank Slate), and the defendant Steven Blank is its editor and publisher. Blank Slate, San Antonio, and Blank (hereinafter collectively the Blank Slate defendants) moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. Koblenz and the defendant Board of Trustees of the Village of East Hills, N.Y. (hereinafter the Board; hereinafter together the Village defendants), separately moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action, and to require the plaintiff to seek leave of court to commence any future actions against them. The Supreme Court granted the motion of the Blank Slate defendants, and that branch of the motion of the Village defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and did not address that branch of the motion of the Village defendants which was to require the plaintiff to seek leave of court to commence any future actions against them. The plaintiff appeals, and the Village defendants cross-appeal.
 

 The Supreme Court properly granted the motion of the Blank Slate defendants and that branch of the motion of the Village defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action. “Since falsity is a necessary element of a defamation cause of action and only Tacts’ are capable of being proven false, ‘it follows that only statements alleging facts can properly be the subject of a defamation action’” (Gross v New York Times Co., 82 NY2d 146, 152-153 [1993], quoting 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 139 [1992]). Distinguishing between fact and opinion is a question of law for the courts, to be decided based on “what the average person hearing or reading the communication would take it to mean” (Steinhilber v Alphonse, 68 NY2d 283, 290 [1986]; see Mann v Abel, 10 NY3d 271, 276 [2008]; Galanova v Safir, 138 AD3d 686, 687 [2016]).
 

 In distinguishing between facts and opinion, the factors the court must consider are (1) whether the specific language has a precise meaning that is readily understood, (2) whether the statement is capable of being proven true or false, and (3) whether the context in which the statement appears signals to readers that the statement is likely to be opinion, not fact (see Mann v Abel, 10 NY3d at 276; Steinhilber v Alphonse, 68 NY2d at 292). “The dispositive inquiry ... is whether a reasonable [reader] could have concluded that the [articles were] conveying facts about the plaintiff” (Gross v New York Times Co., 82 NY2d at 152 [internal quotation marks omitted]; see Immuno AG. v Moor-Jankowski, 11 NY2d 235, 254 [1991]; Melius v Glacken, 94 AD3d 959, 960 [2012]).
 

 Here, accepting the allegations in the complaint as true and affording the plaintiff the benefit of every favorable inference, the plaintiff did not state a cause of action to recover damages for defamation (see Pall v Roosevelt Union Free Sch. Dist., 144 AD3d 1004, 1005 [2016]). Some of the alleged statements do not have a precise meaning, while others are hyperbolic and incapable of being proven true or false. The context of the alleged statements was such that a reasonable reader would have concluded that he or she was reading an opinion, and not a fact, about the plaintiff (see id. at 1005; Rosner v Amazon.com, 132 AD3d 835, 837 [2015]; Silverman v Daily News, L.P., 129 AD3d 1054, 1055 [2015]; Goldberg v Levine, 97 AD3d 725, 725-726 [2012]).
 

 Since the Supreme Court did not determine that branch of the motion of the Village defendants which was to require the plaintiff to seek leave of court to commence any future actions against them, that branch of the motion remains pending and undecided, and the cross appeal must be dismissed (see Federal Ins. Co. v A-Tech Concrete Co., Inc., 145 AD3d 960, 960-961 [2016]; Bah v City of New York, 38 AD3d 486, 488 [2007]; Hirsch v City of New York, 32 AD3d 995 [2006]).
 

 In light of our determination, the plaintiff’s remaining contentions need not be reached.
 

 Rivera, J.R, Hall, Miller and Duffy, JJ., concur.