Nachbar v Cornwall Yacht Club (2018 NY Slip Op 02795)





Nachbar v Cornwall Yacht Club


2018 NY Slip Op 02795


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2016-11357
 (Index No. 1665/15)

[*1]Stephen J. Nachbar, et al., appellants, 
v
Cornwall Yacht Club, et al., respondents.


Thomas J. Jordan, Albany, NY, for appellants.
Mead, Hecht, Conklin & Gallagher, LLP, White Plains, NY (Elizabeth Hecht of counsel), for respondents Cornwall Yacht Club, Cornwall Yacht Club, Inc., Board of Directors, Herman "Jeff" Schaack, Joseph Jordan, John C. Ledwith, IV, Wayne Garnsey, Douglas Vatter, Bob Wilson, Steve Kondracki, Donald Parrone, Ellen Coulon, Steven Longinott, and Gary Melrose.
Jacobowitz and Gubits, LLP, Walden, NY (Robert M. Lefland of counsel), for respondent Stephen Negersmith.



DECISION & ORDER
In an action to recover damages for defamation, breach of fiduciary duty, intentional and negligent infliction of emotional distress, and prima facie tort, the plaintiffs appeal from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated September 28, 2016. The order granted those branches of the motion of the defendant Stephen Negersmith and the separate motion of the remaining defendants which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them, and denied the plaintiffs' cross motion for leave to amend the complaint.
ORDERED that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.
The plaintiff Stephen J. Nachbar is a member of the defendant Cornwall Yacht Club (hereinafter the Club). The plaintiff Sharon Minutolo is Nachbar's domestic partner, and while not a member of the Club, used the Club facilities as Nachbar's guest. After the defendant Stephen Negersmith, a Club member, filed a complaint against Nachbar and Minutolo, the Board of Directors (hereinafter the Board) held a special meeting at which Nachbar appeared to answer the complaint and call witnesses. Ultimately, the Board did not take action against Nachbar but decided to exclude Minutolo from the Club for a period of one year.
The plaintiffs commenced this action against Negersmith, alleging defamation, and against the Club, the Board, and its individual members (hereinafter collectively the Club defendants), alleging, on behalf of Nachbar, breach of fiduciary duty, and on behalf of Minutolo, intentional and negligent infliction of emotional distress and prima facie tort. The Club defendants [*2]moved, and Negersmith separately moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them, and the plaintiffs cross-moved for leave to amend the allegations of defamation in the complaint. The Supreme Court granted the defendants' motions and denied the plaintiffs' cross motion. The plaintiffs appeal.
The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804; Rut v Young Adult Inst., Inc., 74 AD3d 776). The directors of a not-for-profit corporation like the Club "have the fiduciary obligation to act on behalf of the corporation in good faith and with reasonable care so as to protect and advance its interests" (Pebble Cove Homeowners' Assn. v Shoratlantic Dev. Co., 191 AD2d 544, 545; see N-PCL 717[a]; Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538; Straus v 345 E. 73 Owners Corp., 181 AD2d 483). Here, however, the complaint did not allege that the Club defendants failed to act in good faith on behalf of the Club or its members' collective interests, but merely alleged that they failed to act in Nachbar's personal best interest (cf. Pebble Cove Homeowners' Assn. v Shoratlantic Dev. Co., 191 AD2d at 545; see also Straus v 345 E. 73 Owners Corp., 181 AD2d 483). Accordingly, the complaint did not state a cause of action to recover damages for breach of fiduciary duty.
The complaint also did not state a cause of action on behalf of Minutolo. As to the cause of action alleging intentional infliction of emotional distress, the complaint did not allege conduct " so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Murphy v American Home Prods. Corp., 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment d; see Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710-711; cf. Matter of Leff v Our Lady of Mercy Academy, 150 AD3d 1239; Sawicka v Catena, 79 AD3d 848, 849-850). The cause of action alleging negligent infliction of emotional distress also failed because the complaint did not sufficiently allege a duty to Minutolo, who was not a member of the Club, and further lacked the requisite "guarantee of genuineness" (Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6; see generally Taggart v Costabile, 131 AD3d 243, 252-253). As to the cause of action alleging prima facie tort, the plaintiffs failed to sufficiently plead the Club defendants' "malicious intent or disinterested malevolence as the sole motive for the challenged conduct" and failed to sufficiently plead special damages (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 772; see Berland v Chi, 142 AD3d 1121, 1122; Lancaster v Town of E. Hampton, 54 AD3d 906, 908; cf. Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712).
The complaint also did not state a cause of action to recover damages for defamation because the complained of statements were nonactionable opinions (see Brummel v Board of Trustees of the Vil. of E. Hills N.Y., 155 AD3d 818; Silverman v Daily News, L.P., 129 AD3d 1054, 1055). Additionally, because the plaintiffs' proposed amendments to the complaint do not cure the defect in that cause of action, the proposed amendment was palpably insufficient (see CPLR 3025[b]; APF Mgt. Co, LLC v Munn, 151 AD3d 668).
Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them, and properly denied the plaintiffs' cross motion for leave to amend the complaint.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court