24-2785
*Miller et al v. James*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> BETH ROBINSON,
> > *Circuit Judges,*
> JOHN G. KOELTL,[*]
> > *District Judge.*

---

MONICA MILLER, SUZANNE ABDALLA,

> *Plaintiffs-Appellants,*

> v.                                                                 No. 24-2785

LETITIA JAMES, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF NEW YORK,

> *Defendant-Appellee.*[†]

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk's office is respectfully directed to amend the caption as reflected above.

FOR PLAINTIFFS-APPELLANTS:    ROBERT J. MUISE (David Yerushalmi, Kate Oliveri, *on the brief*) American Freedom Law Center, Ann Arbor, MI.

FOR DEFENDANT-APPELLEE:    BEEZLY J. KIERNAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, *on the brief*) *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 27, 2024, is **AFFIRMED**.

Plaintiffs-Appellants Monica Miller and Suzanne Abdalla allege that they engage in "peaceful, non-violent, and non-obstructive activities in defense of . . . human life" as part of a group called Red Rose Rescue.  App'x at 7–9, ¶¶ 9, 16.  In June 2023, Defendant-Appellee Letitia James, Attorney General of the State of New York, held a press conference to announce a civil lawsuit against Red Rose Rescue and several of its members – not including Plaintiffs.  At this press conference, James described Red Rose Rescue activists as having "terrorized patients" during

incidents in which they unlawfully entered or blocked access to three separate health care facilities. *See* Office of the New York State Attorney General, *Attorney General James Sues Militant Anti-Abortion Group for Invading Clinics and Blocking Access to Reproductive Health Care*, at 3:19–6:10 (June 8, 2023) ("James Press Conference"), https://ag.ny.gov/attorney-general-james-sues-militant-anti-abortion-group-invading-clinics-and-blocking-access, [https://perma.cc/RV5Q-S9ZY].[1] She then stated, "[I]t is my duty and my honor and my responsibility to keep individuals safe from terrorists. And that's what they are." *Id.* at 8:09–8:18. Later in the press conference, however, James responded to a question by saying, "They haven't been designated as such. I refer to them as terrorists because of their activities." *Id.* at 21:41–21:47.[2] In response to another question, she said "This will apply to this terrorist group." *Id.* at 23:58–24:05.

Based on these statements, in July 2023, Plaintiffs sued James under 42 U.S.C. § 1983, alleging that in her official capacity she violated their First

---

[1] We may properly consider the press conference video because the complaint incorporated it by reference. *See* App'x at 12 ¶ 33; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[A] court may consider documents attached to the complaint as an exhibit or incorporated in it by reference . . . ." (internal quotation marks omitted)).

[2] Because the reporter's question is inaudible, it is unclear whether James referred to Red Rose Rescue or to its members in her response to the question.

Amendment rights to freedom of speech and association and their Fourteenth Amendment right to equal protection. They also sued her in her individual capacity for defamation under New York law.

The district court dismissed the constitutional claims under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, and the defamation claim under Rule 12(b)(6) for failure to state a claim. *Miller v. James*, 751 F. Supp. 3d 21, 30–42 (N.D.N.Y. 2024). Plaintiffs appealed.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

### I. Constitutional Standing

The district court dismissed Plaintiffs' First Amendment and Fourteenth Amendment claims for failure to establish Article III standing. *Id.* at *3–7. We review a district court's determination that a plaintiff lacked standing without deference to the district court, accepting as true all material factual allegations in the complaint. *See Cerame v. Slack*, 123 F.4th 72, 80 (2d Cir. 2024). To establish standing, Plaintiffs must plausibly allege that (1) they have suffered an injury in fact, which is both "concrete and particularized" and "actual or imminent, not

4

conjectural or hypothetical," (2) the injury was "fairly traceable to the challenged action of the defendant," and (3) it is likely that the injury is "redress[able] by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).[3]

Plaintiffs allege that James's statements "have a chilling effect on Plaintiffs' rights to freedom of speech and expressive association" and caused irreparable harm to their "public reputation." App'x at 14, ¶ 40. But "[a]llegations of a subjective chill are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972). And with respect to their assertion of reputational harm, Plaintiffs have alleged no facts to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

James described incidents in which Red Rose Rescue activists had unlawfully entered or blocked entry into health care facilities, and she referred to them as "terrorists." James Press Conference at 8:13. She later acknowledged that they were not "designated" terrorists but explained that she called them that because of their activities. *Id.* at 21:41. It is not at all apparent how these statements about the conduct of *other* Red Rose Rescue activists, and James's characterization

---

[3] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

5

of the organization in light of that conduct, have injured *Plaintiffs'* reputations simply by virtue of their association with Red Rose Rescue, and they have alleged no facts to support their conclusory assertion of reputational harm. "While the standard for reviewing standing at the pleading stage is lenient, a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." *Baur v. Veneman*, 352 F.3d 625, 636–37 (2d Cir. 2003).

For the same reason, Plaintiffs lack standing to pursue their Fourteenth Amendment claim. *See Cerame*, 123 F.4th at 80 n.11 ("Although standing is required for each claim, because the injury is the same for the First Amendment and Fourteenth Amendment claims in this case . . . we perform only one analysis.").

## II.    Defamation Claims

We review without deference the district court's ruling that Plaintiffs failed to state a claim of defamation, accepting the factual allegations in the complaint as true and drawing reasonable inferences in the Plaintiffs' favor. *See Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).

Only false statements of fact are actionable as defamation. *See Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 151 (1993). The district court ruled that James's statements are best understood as conveying non-actionable opinions, not facts that are capable of being true or false. *Miller*, 751 F. Supp. 3d at 37–40. To determine whether something is opinion or fact, the court must consider: "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal [to] readers or listeners that what is being read or heard is likely to be opinion, not fact." *Gross*, 82 N.Y.2d at 153.

Although New York law defines an "act of terrorism," *see* N.Y. Penal Law § 490.05, the term "terrorist" can have a colloquial meaning other than identifying someone who has committed an act of terrorism under New York's criminal code. By analogy, a New York court concluded that a "defendant's statement that she was stalked and harassed was not an actionable statement of objective fact because it did not have a precise, readily understood meaning," despite the fact that there

is a legal definition of stalking and harassment. *Springer v. Almontaser*, 75 A.D.3d 539, 541 (N.Y. App. Div. 2d Dept. 2010).

A statement of opinion is one "accompanied by a recitation of the facts upon which it is based" or that "does not imply that it is based upon undisclosed facts." *Davis v. Boeheim*, 24 N.Y.3d 262, 269 (2014). Here, James fully explained the factual basis for her opinion. And in "the full context of the communication in which the statement appears," it is clear that James was using the term "terrorist" as rhetorical hyperbole to characterize the conduct she had described. *Gross*, 82 N.Y.2d at 153. Before she used the word "terrorist," and while discussing the events giving rise to the lawsuit described in the related press conference, James repeatedly described the defendants in that lawsuit as "terrorizing" patients in the colloquial sense. And she made clear that Red Rose Rescue and its associates were not designated terrorists in the formal legal sense, and that she called them terrorists "because of their activities"—that is, the activities she had just described. James Press Conference at 21:41–21:47. In this context, James used the term "terrorist" to express an opinion, not a fact, and her characterization is not subject

8

to proof or disproof. We must therefore affirm the district court's dismissal of Plaintiffs' defamation claims.[4]

* * *

For the reasons explained above, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Because we conclude that Plaintiffs fail to state a claim for defamation on this basis, we need not consider the district court's alternate rationale that Plaintiffs also failed to plead special damages or per se actionability. *See Miller*, 751 F. Supp. 3d at 40–42. Likewise, we need not consider whether James's statements were "of and concerning" Plaintiffs. *Three Amigos SJL Rest., Inc. v. CBS News, Inc.*, 132 A.D.3d 82, 86 (N.Y. App. Div. 1st Dept. 2015); *cf. id.* at 88 ("[A] statement made about an organization is not understood to refer to any of its individual members unless that person is distinguished from other members of the group.").