■ JEWEL HIRSCH, Respondent, v CITY OF NEW YORK, Appellant, and CONSOLIDATED EDISON CO. OF NEW YORK, Respondent. (And a Third-Party Action.) [820 NYS2d 889]—In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 22, 2004, as failed to determine that branch of its cross motion which was to dismiss the complaint and all cross claims insofar as asserted against it pursuant to CPLR 3211 (a) (7).

Ordered that the appeal is dismissed, without costs or disbursements.

The only issue raised by the defendant City of New York on its appeal concerns that branch of its cross motion which was to dismiss the complaint and all cross claims insofar as asserted against it for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Inasmuch as the Supreme Court failed to determine that branch of the cross motion, it remains pending and undecided and thus we dismiss the appeal (*see Matter of Flood v Schopfer,* 20 AD3d 417 [2005]; *Katz v Katz,* 68 AD2d 536, 542-543 [1979]). Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.

■ ZOYA ISMAILOVA, Appellant, v SHALIMAR LEASING LP et al., Respondents. [820 NYS2d 889]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 29, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff failed to raise a triable issue of fact in response to the defendants' prima facie showing that they did not create or have actual or constructive notice of the alleged dangerous condition on the pathway where the plaintiff tripped and fell (*see Thomas v Phillips,* 246 AD2d 531 [1998]). Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.