■ MARIVELL MARMOL, Appellant, v NORTH ISLE VILLAGE, INC., Respondent. [856 NYS2d 117]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 18, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on ice and snow while walking on a well-worn path in order to reach the parking lot outside her residence. Although there was a cement walkway leading from the plaintiff's residence to the parking lot, the plaintiff alleged, inter alia, that there was a vehicle parked at the very end of the walkway, and that the defendant, which owned the premises, was negligent "in allowing cars to park at the ingress/egress area where the sidewalk meets the parking lot." The plaintiff further claimed that she used the well-worn path only because she could not safely get around the car obstructing access from the cement walkway to the parking lot.

While the defendant established, prima facie, that the cement walkway leading to the parking lot had been kept clear of ice and snow, it made no attempt to refute the plaintiff's claim that it was negligent in allowing cars to park directly in front of the

walkway, thereby preventing residents from safely using the walkway to reach the parking lot (*cf. Carthans v Grenadier Realty Corp.*, 38 AD3d 489 [2007]; *Malley v Alice Hyde Hosp. Assn.*, 297 AD2d 425 [2002]; *Morris v Nacmias*, 245 AD2d 432 [1997]).

On the facts presented, the defendant failed to establish its prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]; *Carthans v Grenadier Realty Corp.*, 38 AD3d 489 [2007]). Therefore, the motion should have been denied, and we need not consider the sufficiency of the papers submitted by the plaintiff in opposition. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.