■ PAUL QUICK, Appellant, v G.G.'s PIZZA & PASTA, INC., et al., Respondents. (And a Third-Party Action.) [861 NYS2d 762]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated March 28, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Ronkonkoma Commons, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff was riding his bicycle through the parking lot of a strip mall owned by the defendant Ronkonkoma Commons, LLC (hereinafter Ronkonkoma Commons), when one of the bicycle's tires allegedly struck a depression in the surface, causing the plaintiff to fall to the ground and thereby fracture his left forearm.

"To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff" (*Nappi v Incorporated Vil. of Lynbrook*, 19 AD3d 565, 566 [2005] [internal quotation marks omitted]). "[L]iability for a dangerous condition on property is generally predicated upon ownership, occupancy, control or special use of the property" (*Nappi v Incorporated Vil. of Lynbrook*, 19 AD3d at 566 [internal quotation marks omitted]). "The existence of one or more of these elements is sufficient to give rise to a duty to exercise reasonable care" (*Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]). The defendant G.G.'s Pizza & Pasta, Inc., a tenant of the defendant Ronkonkoma Commons, demonstrated its entitlement to summary judgment dismissing the complaint insofar as asserted against it. It established that it neither owned, occupied, controlled, or made a special use of the property where the plaintiff was injured, and thus owed no duty to him. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

However, the evidence submitted by the defendants in support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Ronkonkoma Commons, including, inter alia, the plaintiff's deposition testimony, was insufficient to demonstrate that the alleged defect in its parking lot did not exist for a sufficient length of time for it to be discovered and repaired by the employees of Ronkonkoma Commons. Thus, the defendants failed to establish their prima facie entitlement to summary judgment by showing that Ronkonkoma Commons lacked constructive knowledge of the alleged defect (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Putnam v Stout*, 38 NY2d 607, 611-612 [1976]; *Rios v New York*

*City Hous. Auth.*, 48 AD3d 661, 662 [2008]; *Farrar v Teicholz*, 173 AD2d 674 [1991]). Therefore, that branch of the motion should have been denied, and we do not consider the sufficiency of the papers submitted by the plaintiff in opposition (*see Marmol v North Isle Vil., Inc.*, 48 AD3d 760 [2008]; *Chaplin v Taylor*, 273 AD2d 188 [2000]; *see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 30682(U).]