■ MARY F. STUDER, Respondent-Appellant, v NEWPOINTE ESTATES CONDOMINIUM et al., Appellants-Respondents, and ROBERT H. WITCOMB LANDSCAPE GARDENING, INC., Respondent. [58 NYS3d 509]—

In an action to recover damages for personal injuries, the defendants Newpointe Estates Condominium, Louden Realty, LLC, and Breslin Realty Development Corp. appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), entered November 20, 2014, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike their answer, (2) from an order of the same court dated April 3, 2015, which granted the motion of the defendant Robert H. Witcomb Landscape Gardening, Inc., pursuant to CPLR 3126 to dismiss their cross claims, (3) from so much of an order of the same court entered April 14, 2015, as failed to determine that branch of their motion which was for leave to renew their opposition to the plaintiff's motion to strike their answer, and (4), as limited by their brief, from so much of an order of the same court entered September 2, 2015, as granted that branch of the motion of the defendant Robert H. Witcomb Landscape Gardening, Inc., which was for summary judgment on its cross claim for common-law indemnification, and the plaintiff cross-appeals, as limited by her brief, from so much of the order entered September 2, 2015, as granted that branch of the motion of the defendant Robert H. Witcomb Landscape Gardening, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from so much of the order entered April 14, 2015, as failed to determine that branch of the motion of the defendants Newpointe Estates Condominium, Louden Realty, LLC, and Breslin Realty Development Corp. which was for leave to renew their opposition to the plaintiff's motion to strike their answer is dismissed; and it is further,

Ordered that order entered November 20, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 3, 2015, is affirmed; and it is further,

Ordered that the order entered September 2, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Robert H. Witcomb Landscape Gardening, Inc., which was for summary judgment on its cross claim for common-law indemnification, and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed; and it is further,

Ordered that the defendant Robert H. Witcomb Landscape Gardening, Inc., is awarded one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff, a resident of the defendant Newpointe Estates Condominium (hereinafter Newpointe Estates), allegedly slipped and fell on ice on the sidewalk outside of her townhouse on January 13, 2011, and again on February 2, 2011. She subsequently commenced this action to recover damages for personal injuries, naming as defendants Newpointe Estates; Louden Realty, LLC (hereinafter Louden), the developer and sponsor of Newpointe Estates; Breslin Realty Development Corp. (hereinafter Breslin Realty), the property manager for Newpointe Estates at the time of the plaintiff's falls; and Robert H. Witcomb Landscape Gardening, Inc. (hereinafter Witcomb Landscape), the snow removal contractor for Newpointe Estates during the winter in which the plaintiff fell. Newpointe Estates, Louden, and Breslin Realty (hereinafter collectively the Newpointe defendants) asserted cross claims against Witcomb Landscape, inter alia, for contractual and common-law indemnification, and Witcomb Landscape asserted a cross claim against the Newpointe defendants for common-law indemnification.

The plaintiff moved pursuant to CPLR 3126 to strike the Newpointe defendants' answer for failure to comply with court-ordered discovery and for an award of attorney's fees pursuant to 22 NYCRR 130-1.1. In an order entered November 20, 2014, the Supreme Court granted that branch of the motion which was to strike the Newpointe defendants' answer and denied that branch of the motion which was for an award of attorney's fees. Witcomb Landscape moved pursuant to CPLR 3216 to dismiss the Newpointe defendants' cross claims. In an order dated April 3, 2015, the court granted that motion. The Newpointe defendants moved for leave to reargue and renew their opposition to the plaintiff's motion to strike their answer. In an order entered April 14, 2015, the court denied that branch of the motion which was for leave to reargue and did not decide that branch of the motion which was for leave to renew. Finally, Witcomb Landscape moved for summary judgment dismissing

the complaint insofar as asserted against it and on its cross claim for common-law indemnification. In an order entered September 2, 2015, the Supreme Court granted that motion. The Newpointe defendants appeal from all four orders, and the plaintiff cross-appeals from the order entered September 2, 2015.

The appeal by the Newpointe defendants from so much of the order entered April 14, 2015, as did not decide that branch of their motion which was for leave to renew must be dismissed, as that branch of the motion remains pending and undecided (*see D'Alto v 22-24 129th St., LLC*, 76 AD3d 503, 507-508 [2010]; *Hirsch v City of New York*, 32 AD3d 995, 995 [2006]; *Katz v Katz*, 68 AD2d 536, 543 [1979]).

Contrary to the Newpointe defendants' contention, the willful and contumacious nature of their conduct may properly be inferred from their repeated delays in complying with the plaintiff's discovery demands and the Supreme Court's discovery schedule, their failure to provide an adequate excuse for their delays, and their inadequate discovery responses, which did not evince a good-faith effort to address the requests meaningfully (*see* CPLR 3126 [3]; *Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]; *Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d 680, 681 [2015]; *Espinal v New York City Health & Hosps. Corp.*, 115 AD3d 641, 641 [2014]; *Jones v LeFrance Leasing L.P.*, 110 AD3d 1032, 1033 [2013]). Further, the court properly considered the plaintiff's evidence of accidents and complaints similar to hers, which she submitted for the first time in her reply papers, as this evidence was submitted in direct response to the Newpointe defendants' opposition arguments (*see Citimortgage, Inc. v Espinal*, 134 AD3d 876, 879 [2015]; *David v Chong Sun Lee*, 106 AD3d 1044, 1045 [2013]; *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]; *Ryan Mgt. Corp. v Cataffo*, 262 AD2d 628, 630 [1999]). Contrary to the contentions of the Newpointe defendants, Witcomb Landscape also demonstrated that they willfully and contumaciously failed to comply with its discovery demands (*see* CPLR 3126 [3]; *Jones v LeFrance Leasing L.P.*, 110 AD3d at 1033). Accordingly, the court providently exercised its discretion in granting that branch of the plaintiff's motion which was to strike the Newpointe defendants' answer and in granting Witcomb Landscape's motion to dismiss the Newpointe defendants' cross claims.

Contrary to the plaintiff's contention, in support of its motion for summary judgment, Witcomb Landscape demonstrated, prima facie, that it owed no duty to the plaintiff, who was not

a party to the snow removal contract (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138, 140 [2002]; *Quick v G.G.'s Pizza & Pasta, Inc.*, 53 AD3d 535, 536 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of Witcomb Landscape's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In light of this determination, the court should have denied as academic that branch of Witcomb Landscape's motion which was for summary judgment on its cross claim for common-law indemnification (*see Marquez v L & M Dev. Partners, Inc.*, 141 AD3d 694, 699 [2016]; *Lexington Vil. Condominium v Scottsdale Ins. Co.*, 136 AD3d 645, 649 [2016]; *Smith v New York City Hous. Auth.*, 71 AD3d 985, 988 [2010]).

The plaintiff's request that we modify the order entered November 20, 2014, by granting that branch of her motion which was for an award of attorney's fees must be rejected. This issue is not properly before us, as the plaintiff did not file a notice of appeal from that order (*see* CPLR 5513, 5515; *Koller v Leone*, 299 AD2d 396, 397 [2002]). Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.