Matter of Caton (2022 NY Slip Op 04166)

Matter of Caton

2022 NY Slip Op 04166

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-07984

[*1]In the Matter of Sara Caton, deceased. Marilyn Shackleford-Crawford, appellant; Jemel Booker, respondent. (File No. 3145/16)

The Law Offices of Joseph A. Ledwidge, P.C., Jamaica, NY, for appellant.
Sharon M. Rainford, New York, NY, for respondent.

DECISION & ORDER
In a probate proceeding in which Marilyn Shackleford-Crawford, as temporary administrator of the Estate of Sara Caton, petitioned pursuant to SCPA 2103 for the discovery and turnover of certain property and funds allegedly withheld from the estate, Marilyn Shackleford-Crawford appeals from an order of the Surrogate's Court, Kings County (Harriet Thompson, S.), dated March 18, 2019. The order, upon a decision of the same court (John G. Ingram, S.) dated December 18, 2018, denied the motion of Marilyn Shackleford-Crawford, inter alia, for summary judgment on the petition.
ORDERED that the order is affirmed, with costs.
In March 2017, the Surrogate's Court issued letters of temporary administration to Marilyn Shackleford-Crawford (hereinafter the petitioner), the niece of Sara Caton (hereinafter the decedent), who had died on April 18, 2016. In or about April 2017, the petitioner filed a petition pursuant to SCPA 2103 against the respondent, the decedent's grandnephew, seeking discovery and for the turnover to the estate of certain real property located in Brooklyn, and $20,000. The petitioner thereafter moved, inter alia, for summary judgment on the petition. In an order dated March 18, 2019, the Surrogate's Court, upon a decision of the same court dated December 18, 2018, denied the petitioner's motion. The petitioner appeals.
"The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Celauro v 4C Foods Corp., 187 AD3d 836, 837 [internal quotation marks omitted]). "The usual elements of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment" (Harounian v Harounian, 198 AD3d 734, 737).
Here, the Surrogate's Court properly denied the petitioner's motion, inter alia, for summary judgment on the petition. Contrary to the petitioner's contention, she failed to establish her prima facie entitlement to judgment as a matter of law on her claim for breach of fiduciary duty. The petitioner failed to eliminate triable issues of fact as to whether the execution of a deed [*2]conveying joint ownership of the subject property to the respondent and the decedent, and the respondent's use of the decedent's funds, constituted misconduct by the respondent. The petitioner also failed to establish, prima facie, that the decedent lacked the mental capacity to execute, inter alia, the power of attorney naming the respondent as her attorney-in-fact. Finally, for the same reasons, the petitioner failed to establish her prima facie entitlement to judgment as a matter of law on her claim for the imposition of a constructive trust, as she failed to eliminate triable issues of fact as to whether the respondent was unjustly enriched.
The petitioner's remaining contentions are without merit.
The respondent's contention that this Court should grant his motion to dismiss the petition is not properly before us (see CPLR 5513, 5515; Studer v Newpointe Estates Condominium, 152 AD3d 555, 558).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court