■ JESSEL ROTHMAN, P. C., et al, Appellants, v FRANK STERNBERG, Respondent. [615 NYS2d 748] —In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated October 28, 1992, as granted the defendant's motion for partial summary judgment dismissing the defamation cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs Jessel Rothman, an attorney, and Jessel Rothman, P. C. commenced this action, *inter alia,* to recover damages for defamation arising out of an allegedly defamatory letter written by the defendant Frank Sternberg which he sent to the plaintiffs' client, a primary competitor of the business in which the defendant was an owner. In the letter, the defendant warned the competitor that he planned to sue it because of the damages suffered by the defendant's company due to litigation over the ownership of the defendant's company. The plaintiffs were retained to represent the defendant's adversary in that litigation. The defendant also stated in the letter that the plaintiff Jessel Rothman, whom he believed to be a director, officer, and shareholder of the competing company, was destroying the defendant's company by his unethical business practices. The Supreme Court dismissed the plaintiffs' defamation cause of action. We affirm.

We agree with the Supreme Court that the statements made in the letter by the defendant do not constitute libel *per se* and, therefore, the cause of action based upon those statements was properly dismissed *(see, Aronson v Wiersma,* 65 NY2d 592). The issue of "[w]hether particular words are defamatory presents a legal question to be resolved by the court" *(Aronson v Wiersma, supra,* at 593). The words must be construed in the context of the entire statement, interpreted based on the understanding of the reasonable person, and if not reasonably susceptible of a defamatory meaning, then the words are not actionable *(see, Aronson v Wiersma, supra,* at 594). With regard to whether an opinion is actionable, the key issue to decide is whether the challenged statements reasonably appear to contain "assertions of objective fact" *(Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954).

The issue of whether an objective fact is asserted is resolved by deciding whether the statement is verifiable as either true or false. The approach involved in making such a decision is to look at the meaning of the statement by examining the language used in its immediate context and in its full context, and to evaluate the purpose of the whole communication; if a statement is not verifiable, then a plaintiff cannot prove it false, and the statement cannot be actionable *(see generally, Milkovich v Lorain Journal Co.,* 65 Ohio App 2d 143, 416 NE2d 662, *cert denied* 449 US 966).

Our review of the letter convinces us that the statements were not reasonably susceptible of a defamatory meaning *(see, Aronson v Wiersma, supra,* at 594), but instead consisted of

nonactionable statements of personal opinion. We further find, alternatively, that the challenged statements were nonactionable because they did not impute to the plaintiff incompetence, incapacity, or unfitness in the performance of his profession as an attorney. Rather the letter was directed at the business practices of a competing business entity *(see, Van Lengen v Parr,* 136 AD2d 964). Mangano, P. J., Bracken and Pizzuto, JJ., concur.

Hart, J., dissents, and votes to reverse the order insofar as appealed from, on the law, to deny the defendant's motion, and to reinstate the cause of action to recover damages for defamation, with the following memorandum: The plaintiffs Jessel Rothman and Jessel Rothman, P. C. commenced this action, *inter alia,* to recover damages for defamation arising out of an allegedly defamatory letter sent by the defendant, Frank Sternberg, to Pergament, which is one of the plaintiffs' clients, and was also a business competitor of the defendant.

The letter complained of read in part as follows: "I intend to sue your company for what it has done and is continuing to do to me. I don't think such actions by your Mr. Rothman are ethical business practices".

The letter also indicated that the defendant had reason to believe that the plaintiff Jessel Rothman is "a director, officer, and shareholder of Pergament".

The plaintiffs represented defendant's partner in litigation arising out of a partnership dispute. Prior to writing the subject letter, the defendant had attempted unsuccessfully through counsel to have the plaintiffs disqualified as counsel in the partnership action.

In my opinion the verbiage complained of, when viewed objectively, constitutes libel *per se* in that it states that the plaintiff attorney is using his professional position to commit an unethical act or acts. As such, the communication is actionable. The allegation of unethical conduct can be shown to be true or false and, therefore, passes muster *(see, Stephen v Pattou,* 208 App Div 63).

Here, insofar as the core libel contained in the letter is verifiable by way of the history of the litigation in question, it is actionable *(see, Immuno AG. v Moor-Jawkowski,* 77 NY2d 235; *Steinhilber v Alphonse,* 68 NY2d 283).

In addition, appending language to a libelous *per se* assertion, indicating it is the writer's opinion, does not save the publication when the communication implies that it is factually based *(see, Steinhilber v Alphonse, supra).* Moreover, there

is no First Amendment constitutional imperative that affords immunity to the defendant absent qualifying under the "opinion immunity doctrine". As a corollary to such protection, the opinion must be a valid opinion, not a camouflage for the utterance of clearly defamatory factual language.

In sum, the plaintiff sent correspondence to a nonparty client of opposing counsel accusing him of using his position as an attorney to commit an unethical act or acts. The fact that the correspondence alleges that the unethical act or acts were possibly business related, or qualified by a cosmetic reference to opinion, does not mean that the defamatory statement is no longer actionable. The letter in question accused an attorney of unethical conduct in the practice of law and, as such, rises to the level of libel *per se.*