J. Mark Ferrara, Respondent, v Esquire Bank et al., Appellants, et al., Defendant. [61 NYS3d 73]—

In an action, inter alia, to recover damages for defamation, the defendants Esquire Bank, Andrew Sagliocca, and Eric

Bader appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated May 20, 2016, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by the defendant Esquire Bank (hereinafter Esquire) from September 18, 2014, until his employment was terminated on December 31, 2014. Thereafter, the plaintiff commenced this action against, among others, Esquire and its principals, the defendants Andrew Sagliocca and Eric Bader (hereinafter collectively the defendants), inter alia, to recover damages for defamation. The plaintiff's defamation cause of action was based on communications made by Sagliocca and Bader concerning the reasons for the termination of the plaintiff's employment to representatives of nonparty Adams Consulting Group, LLC/ACG Resources (hereinafter ACG), the recruiting firm that had placed the plaintiff with Esquire.

The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them. They argued, among other things, that the allegedly defamatory statements were subject to a qualified common-interest privilege, and that the plaintiff had failed to allege that the defendants acted with malice. In the order appealed from, the Supreme Court, inter alia, denied the defendants' motion, concluding that the defendants had failed to establish that the common-interest privilege applied to the subject communications. The defendants appeal. We affirm the order insofar as appealed from, albeit on a ground different from that relied upon by the court.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (*Randazzo v Nelson*, 128 AD3d 935, 936 [2015]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]).

"To state a cause of action to recover damages for defamation, a plaintiff must allege that the defendant published a false statement, without privilege or authorization, to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or

constitute defamation per se" (*Rodriguez v Daily News, L.P.*, 142 AD3d 1062, 1063 [2016]; *see El Jamal v Weil*, 116 AD3d 732, 733 [2014]). "A communication made by one person to another upon a subject in which both have an interest is protected by a qualified privilege" (*Stillman v Ford*, 22 NY2d 48, 53 [1968]; *see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Colantonio v Mercy Med. Ctr.*, 115 AD3d 902, 903 [2014]). However, this "common-interest privilege" may be overcome by a showing of malice (*Colantonio v Mercy Med. Ctr.*, 115 AD3d at 903; *see Kamchi v Weissman*, 125 AD3d 142, 158 [2014]). "To establish the 'malice' necessary to defeat the privilege, the plaintiff may show either common-law malice, i.e., 'spite or ill will,' or may show 'actual malice,' i.e., knowledge of falsehood of the statement or reckless disregard for the truth" (*Diorio v Ossining Union Free School Dist.*, 96 AD3d 710, 712 [2012], quoting *Liberman v Gelstein*, 80 NY2d at 437-438 [internal quotation marks omitted]).

Here, ACG, as the agency that placed the plaintiff with Esquire, had an interest in the reason for the termination of the plaintiff's employment and as to why Esquire was seeking the return of the placement fee it had paid ACG for placing the plaintiff. Therefore, the common-interest privilege applies to the allegedly defamatory communications (*see Pancza v Remco Baby, Inc.*, 761 F Supp 1164 [D NJ 1991]). However, accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d at 87), the amended complaint sufficiently alleges malice to overcome the privilege (*see Kamchi v Weissman*, 125 AD3d at 158-159; *Diorio v Ossining Union Free School Dist.*, 96 AD3d at 712; *Skarren v Household Fin. Corp.*, 296 AD2d 488, 489 [2002]). "[A] plaintiff has 'no obligation to show evidentiary facts to support [his or her] allegations of malice on a motion to dismiss pursuant to CPLR 3211 (a) (7)' " (*Colantonio v Mercy Med. Ctr.*, 115 AD3d at 903, quoting *Sokol v Leader*, 74 AD3d 1180, 1182 [2010]; *see Kamchi v Weissman*, 125 AD3d at 159).

Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them. Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.