Gottlieb v Wynne (2018 NY Slip Op 01595)





Gottlieb v Wynne


2018 NY Slip Op 01595


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-10549
 (Index No. 50649/16)

[*1]Kenneth Gottlieb, appellant, 
v
Joanne Wynne, respondent.


Pascazi Law Offices, PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for appellant.
Martin Law, P.C., Wappingers Falls, NY (Michael A. Martin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated September 22, 2016, as granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant are residents of the same condominium complex located in Fishkill. In 2014 and 2015, two dogs owned by the plaintiff were the subject of formal complaints filed with the Justice Court of the Town of Fishkill. The complaints resulted in two orders directing the plaintiff to follow certain precautions when the dogs are outside. In a letter to condominium authorities dated January 19, 2016, the defendant stated that she had observed the plaintiff during the morning of January 8, 2016, walking with one dog "on the driveway and around the house. The dog was on a leash but did not have a muzzle on." She further stated that she feared for her safety and the safety of her own dog, and that a few minutes later, she observed the plaintiff "come out again with his other dog. At this time, this dog was on a leash and had a muzzle on." The defendant concluded the letter by stating that she was documenting the incident because it was her understanding that the plaintiff's dogs were not to be "in the development unless they are muzzled."
In May 2016, the plaintiff commenced this action against the defendant to recover damages for defamation. Prior to interposing an answer, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint or, alternatively, pursuant to CPLR 3212 for summary judgment dismissing the complaint. She also moved pursuant to CPLR 8303-a for an award of sanctions. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied the other branches of the motion.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged [*2]in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Nelson v Citywide Auto Leasing, Inc., 154 AD3d 863, 864; see Myers v Schneiderman, 30 NY3d 1; Leon v Martinez, 84 NY2d 83, 87-88). "To state a cause of action alleging defamation, a plaintiff must allege that the defendant published a false statement, without privilege or authorization, to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (Rosner v Amazon.com, 132 AD3d 835, 836-837). " In determining whether a complaint states a cause of action to recover damages for defamation, the dispositive inquiry is whether a reasonable listener or reader could have concluded that the statements were conveying facts about the plaintiff'" (Matter of Konig v CSC Holdings, LLC, 112 AD3d 934, 935, quoting Goldberg v Levine, 97 AD3d 725, 725). "The issue of [w]hether particular words are defamatory presents a legal question to be resolved by the court'" (Jessel Rothman, P.C. v Sternberg, 207 AD2d 438, 439, quoting Aronson v Wiersma, 65 NY2d 592, 593). "The words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction" (Aronson v Wiersma, 65 NY2d at 594).
As a general rule, a cause of action predicated on alleged defamatory statements is subject to dismissal if the statements are insufficiently pleaded, constitute nonactionable opinion, or are subject to a qualified privilege defense (see Arvanitakis v Lester, 145 AD3d 650, 652). " A communication made by one person to another upon a subject in which both have an interest is protected by a qualified privilege'" (Ferrara v Bank, 153 AD3d 671, 673, quoting Stillman v Ford, 22 NY2d 48, 53). This "common interest" privilege, however, may be overcome by a showing of common law malice, such as spite or ill will, or by a showing of actual malice, such as knowledge of the falsehood of a statement or reckless disregard for the truth (see Liberman v Gelstein, 80 NY2d 429, 437-438).
Here, the Supreme Court erred in determining that the defendant was shielded by the common interest privilege. The defendant raised this argument for the first time in her reply to the plaintiff's opposition, and there is no indication that the plaintiff was afforded an opportunity to submit a surreply (see Gluck v New York City Tr. Auth., 118 AD3d 667, 668) or that this new argument responded to allegations that the plaintiff raised for the first time in his opposition papers (see Citimortgage, Inc. v Espinal, 134 AD3d 876, 879). Nevertheless, the court properly determined that the statements contained in the defendant's letter were not reasonably susceptible of a defamatory meaning (see Aronson v Wiersma, 65 NY2d at 594; Jessel Rothman, P.C. v Sternberg, 207 AD2d at 439).
The plaintiff's remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court