21-2108-cv
*Valley Electronics AG v. Polis*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-two.

PRESENT: José A. Cabranes,
Reena Raggi,
Susan L. Carney,
*Circuit Judges.*

_____

VALLEY ELECTRONICS AG, a Swiss corporation,
VALLEY ELECTRONICS GMBH, a German corporation,
VALLEY ELECTRONICS, LLC, a Pennsylvania limited
liability company,

|  |  |
|---|---|
| *Plaintiffs-Appellants,* | 21-2108-cv |

v.

CHELSEA B. POLIS, an individual,

*Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | PETER W. ROSS (Charles Avrith, *on the brief*), Ross LLP, Los Angeles, CA. |
| **FOR DEFENDANT-APPELLEE:** | SAMUEL CALLAHAN (Dori Ann Hanswirth, Paul Q. Andrews, *on the brief*), Arnold & Porter Kaye Scholer LLP, Washington, DC, and New York, NY. |

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 6, 2021 order and August 9, 2021 judgment of the District Court be and hereby are **AFFIRMED**.

Valley Electronics AG, Valley Electronics GmbH, and Valley Electronics, LLC (together, "Valley") sued Chelsea Polis for defamation. Valley alleges that Polis, a reproductive health epidemiologist, made defamatory statements regarding the marketing of Valley's product Daysy, which is designed to "identify the fertile and infertile phases of the menstrual cycle" using basal body temperature. Compl. ¶ 9. The allegedly defamatory statements appear on Polis's blog on her personal website, in a *BuzzFeed* article quoting her, and in comments she wrote in response to others' Instagram posts. The statements generally fall into two categories. In her "Science Statements," Polis allegedly misrepresented the soundness of the studies supporting Daysy's efficacy and disparaged Daysy's advertising in reliance on those studies.[1] In her "Ethics Statements," Polis allegedly inaccurately impugned Valley's integrity.[2] The District Court dismissed Valley's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, holding that Polis's alleged statements were nonactionable opinion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's holdings on a motion to dismiss *de novo*, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). Under New York law, which undisputedly applies, the "dispositive inquiry" in distinguishing actionable assertions of fact from protected expressions of opinion is "whether a reasonable reader could have concluded that the publications were conveying facts about [Valley]." *Levin v. McPhee*, 119 F.3d 189, 196 (2d Cir. 1997) (brackets and citation omitted). "Rather than sifting through a communication for the purpose of isolating and identifying assertions of fact," *Brian v. Richardson*, 87 N.Y.2d 46, 51 (1995), we consider the broader written and

---

[1] *See* Compl. ¶¶ 18 (Daysy is marketed "without solid evidence"), 19 ("Daysy misrepresented their evidence-base"; Valley provides "[n]o reliable estimate" of Daysy's efficacy; and a retracted favorable study is "junk science"), 21 ("[N]o scientific publications demonstrat[e] how accurately Daysy [tells users when they are fertile]"), 23 (promoting Daysy "put[s] people in harms [sic] way").

[2] *See* Compl. ¶¶ 18 (Valley is not "interested in providing accurate information to its potential consumer base"), 19 (Valley "made many other outrageous claims[;] . . . far too many to list"; "has no shame or integrity"; and "recklessly rejected" the retraction of a study), 21 (Valley is "particularly unethical").

2

social contexts of the alleged statements, which are "often the key consideration[s] in categorizing a statement as fact or opinion," *Davis v. Boeheim*, 24 N.Y.3d 262, 272 (2014) (citation omitted). Beyond context, New York courts also consider "whether the specific language in issue has a precise meaning which is readily understood" and "whether the statements are capable of being proven true or false." *Flamm v. Am. Ass'n of Univ. Women*, 201 F.3d 144, 153 (2d Cir. 2000) (citation omitted).

Context suggests that Polis's statements were opinions. Each publication in which Polis's statements appeared recited or referred to Polis's critique of a favorable-to-Daysy study and the publisher's subsequent retraction of that study, among additional critiques of Valley authored by Polis and others. Disclosing Polis's longstanding and ongoing role in criticizing Daysy "would induce the average reader . . . to look upon the communication as an expression of opinion rather than a statement of fact." *Immuno AG v. Moor-Jankowski*, 77 N.Y.2d 235, 254 (1991).[3] Further, the article published on the blog section of Polis's personal website and Polis's Instagram comments used "medi[a] that [are] typically regarded by the public as . . . vehicle[s] for the expression of individual opinion rather than the rigorous and comprehensive presentation of factual matter." *Brian*, 87 N.Y.2d at 52 (citation and internal quotation marks omitted). Although Polis's website touts her scientific credentials and has a professional look, the writing on her blog is informal, and readers are put on alert that she is sharing her opinions by the statement at the top of the webpage that she "hopes to transmute her rage at social injustice and scientific denialism into something useful." App'x 22. And Polis's quotes in the *BuzzFeed* article were qualified; she stated that "[i]t does not appear" that Valley is interested in providing its consumers accurate information, and the view that Valley lacked solid evidence was cast as belonging to "Polis and other critics." App'x 50; *see also* Compl. ¶ 18. In light of these qualifications and the disclosure of Polis's prior advocacy, "it would be plain to the reasonable reader . . . that [Polis] was voicing no more than a highly partisan point of view." *Immuno*, 77 N.Y.2d at 255.

In light of this context, we conclude as a matter of law that Polis's statements are nonactionable opinions. This conclusion is reinforced by the fact that the vast majority of Polis's statements carry no precise meaning as used. *See Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) ("[T]he words are to be construed not with the close precision expected from lawyers and judges but as they would be read and understood *by the public to which they are addressed*." (emphasis in original) (citation omitted)); *Hollander v. Cayton*, 536 N.Y.S.2d 790, 791–92 (2d Dep't 1988) (deeming comments that plaintiff was "immoral" and "unethical" nonactionable opinion

---

[3] This disclosure and the inclusion of hyperlinks to other sources also provide "the basis for [Polis's] personal opinion, leaving it to the readers to evaluate [her claims] for themselves." *Brian*, 87 N.Y.2d at 53–54. We thus identify no factual allegations admitting a plausible inference that Polis's opinions implied knowledge of undisclosed facts. *Cf. Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 153 (1993) (noting as actionable "a statement of opinion that implies a basis in facts which are not disclosed to the reader or listener").

because they were "indefinite, ambiguous[,] and incapable of being objectively characterized as true or false"). In context, the Ethics Statements in particular "are hyperbole and therefore not actionable opinion." *Chau v. Lewis*, 771 F.3d 118, 129 (2d Cir. 2014).[4]

We have reviewed all of the arguments raised by Valley on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 6, 2021 order and August 9, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] We recognize that in some contexts, a charge of ethical violations may be actionable, *see, e.g.*, *Trump v. Chi. Tribune Co.*, 616 F. Supp. 1434, 1435 (S.D.N.Y. 1985) ("[W]hen the criticism takes the form of accusations of criminal or unethical conduct, or derogation of professional integrity in terms subject to factual verification, the borderline between fact and opinion has been crossed."), but here, and generally, that is not the case under New York law, *see, e.g.*, *Abbitt v. Carrube*, 72 N.Y.S.3d 53, 55 (1st Dep't 2018); *Jessel Rothman, P.C. v. Sternberg*, 615 N.Y.S.2d 748, 749–50 (2d Dep't 1994); *Park v. Cap. Cities Commc'ns*, 585 N.Y.S.2d 902, 904–05 (4th Dep't 1992); *Hollander*, 536 N.Y.S.2d at 791–92.