Bremner v Bush (2025 NY Slip Op 07271)

Bremner v Bush

2025 NY Slip Op 07271

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2021-02001
2021-02002
 (Index No. 521618/18)

[*1]Jonathan Bremner, et al., respondents,
v
Charlotte Bush, appellant.

Cohen & Green, PLLC, Ridgewood, NY (J. Remy Green of counsel), for appellant.
Law Office of Bernard V. Kleinman, PLLC, Somers, NY, for respondents.

DECISION & ORDER
In an action to recover damages for defamation, libel per se, and slander per se, the defendant appeals from (1) an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated December 18, 2020, and (2) an order of the same court dated December 22, 2020. The order dated December 18, 2020, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(3) and (7) to dismiss the amended complaint insofar as asserted by the plaintiff Lucid Studios, LLC. The order dated December 22, 2020, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint, except to the extent it directed dismissal of certain paragraphs of the amended complaint.
ORDERED that orders are affirmed insofar as appealed from, with one bill of costs.
On October 25, 2018, the plaintiffs, Jonathan Bremner, Lucid Studios, LLC, and Robyn Sky, an unincorporated business entity, commenced this action. The amended complaint asserted causes of action to recover damages for defamation, libel per se, and slander per se. The plaintiffs alleged that the defendant posted numerous defamatory statements about Bremner on Facebook accusing him of sexually assaulting her.
In December 2018, the defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint (hereinafter the first motion). Thereafter, the defendant moved, among other things, pursuant to CPLR 3211(a)(3) and (7) to dismiss the amended complaint insofar as asserted by Lucid Studios, LLC (hereinafter the second motion). In an order dated December 18, 2020, the Supreme Court, inter alia, denied that branch of the second motion. In an order dated December 22, 2020, the court, among other things, denied that branch of the first motion, except to the extent of directing dismissal of certain paragraphs of the amended complaint. The defendant appeals from both orders.
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" [*2](Greenberg v Spitzer, 155 AD3d 27, 41; see Stone v Bloomberg L.P., 163 AD3d 1028, 1029). "A communication made by one person to another upon a subject in which both have an interest is protected by a qualified privilege" (Ferrara v Esquire Bank, 153 AD3d 671, 673 [internal quotation marks omitted]). "[T]his common-interest privilege may be overcome by a showing of malice" (id. [internal quotation marks omitted]). "To establish the malice necessary to defeat the privilege, the plaintiff may show either common-law malice, i.e., spite or ill will, or may show actual malice, i.e., knowledge of falsehood of the statement or reckless disregard for the truth" (Laguerre v Maurice, 192 AD3d 44, 49 [internal quotation marks omitted]).
"In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference" (Greenberg v Spitzer, 155 AD3d at 43 [internal quotation marks omitted]). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (Davidoff v Kaplan, 217 AD3d 918, 919 [internal quotation marks omitted]; see Tsamasiros v Jones, 232 AD3d 816, 817).
Here, the Supreme Court properly denied that branch of the first motion which was to dismiss the amended complaint insofar as that branch sought dismissal pursuant CPLR 3211(a)(7), as the plaintiffs sufficiently alleged, inter alia, that the defendant made false statements of fact with common-law malice so as to overcome the common-interest privilege (see Laguerre v Maurice, 192 AD3d at 49-50; Kamchi v Weissman, 125 AD3d 142, 159). Furthermore, the defendant failed to demonstrate that a material fact claimed by the plaintiffs was not a fact at all (see Rosas v Morales, 235 AD3d 678, 679).
"Pursuant to CPLR 3211(a)(1), a party may move to dismiss a cause of action where the movant has a defense founded on documentary evidence" (Stamp Rite Tool & Die Corp. v Branded Leather, Inc., 236 AD3d 1076, 1079). "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Silber Inv. Props., Ltd. v BJG Islandia Realty, LLC, 236 AD3d 953, 954 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "The evidence submitted in support of such motion must be documentary or the motion must be denied" (Silber Inv. Props., Ltd. v BJG Islandia Realty, LLC, 236 AD3d at 954 [internal quotation marks omitted]; see Kalaj v 21 Fountain Place, LLC, 169 AD3d 657, 657). Letters, emails, text messages, and affidavits do not qualify as documentary evidence (see Cajahuanca v City of New York, 231 AD3d 1006, 1008; Kalaj v 21 Fountain Place, LLC, 169 AD3d at 658). Thus, the emails, text messages, and Facebook messages and posts, which the defendant submitted, are not documentary evidence as contemplated by CPLR 3211(a)(1) and cannot utterly refute the factual allegations in the amended complaint (see Cajahuanca v City of New York, 231 AD3d at 1008; Kalaj v 21 Fountain Place, LLC, 169 AD3d at 658). Therefore, the Supreme Court properly denied that branch of the first motion which was to dismiss the amended complaint insofar as that branch sought dismissal pursuant to CPLR 3211(a)(1).
The amendments to the statute protecting against strategic lawsuits against public participation (hereinafter anti-SLAPP) are not retroactively applied unless the action was within the scope of the former anti-SLAPP statute when commenced and if continued after the effective date of the 2020 anti-SLAPP amendments (see VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 89). Prior to the amendments to the anti-SLAPP statute, public petition and participation was limited to "matters involving only public applicants and permittees" (id.). Here, the defendant was not a public applicant or permittee at the time the action was commenced, so the amendments do not retroactively apply (see id.). Thus, the defendant's contention that the anti-SLAPP amendments apply to the instant action is without merit.
"The 'single motion rule,' which is contained in CPLR 3211(e), provides that at any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in [CPLR 3211(a)], and no more than one such motion shall be permitted" (Newlands Asset Holding Trust v Vasquez, 218 AD3d 786, 787 [alteration and internal quotation marks omitted]). "The rule bars both repetitive motions to dismiss a pleading pursuant to CPLR 3211(a), as well as subsequent motions to dismiss the pleading pursuant to CPLR 3211(a) that are based on alternative grounds" (Bailey v Peerstate Equity Fund, L.P., 126 AD3d 738, 739). Here, the defendant violated the single motion rule of CPLR 3211(e) when she moved, among other things, pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint and then made a subsequent motion, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted by Lucid Studios, LLC, on alternative grounds. Therefore, the Supreme Court properly denied that branch of the second motion which was pursuant to CPLR 3211(a)(3) and (7) to dismiss the amended complaint insofar as asserted by Lucid Studios, LLC, as barred by the single motion rule.
The defendant's remaining contentions are without merit.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court